FILED: SEPTEMBER 24, 2008
08CV5474
JUDGE LINDBERG
MAGISTRATE JUDGE ASHMAN
AEE

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN BAHLENHORST, a citizen of the State of Washington, | ) ) ) |
| Plaintiff, | ) ) CIVIL ACTION |
| v. | ) NO._____ |
| PETER VRDOLYAK, a citizen of the State of Illinois, | ) ) ) |
| Defendant. | ) |

Plaintiff John Bahlenhorst alleges as follows:

### I. PARTIES

1.1. John Bahlenhorst is a citizen of the State of Washington. His address is 22412 SE 313th Place, Black Diamond, Washington 98010.

1.2. Peter Vrdolyak is a citizen of the State of Illinois. Upon information and belief, his address is 11020 Dover Court, Orland Park, Illinois.

### II. JURISDICTION, VENUE AND CHOICE OF LAW

2.1. The subject matter jurisdiction of this Court is properly invoked pursuant to 28 U.S.C. Sec. 1332 because this civil action is between citizens of different states and the amount in controversy well exceeds $75,000, exclusive of interest and costs.

COMPLAINT- 1

NOLD & ASSOCIATES, PLLC
Bellevue Place, Suite 930
10500 NE 8TH ST.
BELLEVUE, WASHINGTON 98004
(425) 289-5555  FAX (425) 289-6666

2.2. The Court has personal jurisdiction over Defendants on at least the following bases. Pursuant to the Illinois Long Arm Statute, 735 ILCS 5/2-209(a)(1), (2), (3), (7), and (10); to wit, Defendants transact business within Illinois, have committed tortious acts within Illinois, own or possess real estate in Illinois pertinent to the subject action, have made contracts and promises pertinent to the action substantially connected with Illinois, and have acquired ownership and control of assets and things of value pertinent to the action within the State of Illinois.

2.3. Venue is proper in this Court pursuant to 28 U.S.C. Sec. 1391(a) and (b); Defendants reside in this district for purposes of that statute and a substantial part of the events giving rise to the claim occurred in this District; specifically, it is the location of the two health clubs that are at issue in this litigation. It is the District where the entity defendant has its primary offices and transacts business.

2.4. The Agreement between the parties is subject to the laws of the State of Illinois, as that is the state with the most significant contacts to the case.

### III. FACTS

3.1. Bahlenhorst is a successful businessman. One of the areas of his success is the ownership and operation of health clubs. In October 2002, Bahlenhorst was approached by Defendant Vrdolyak at a family function in the State of Illinois. (Vrdolyak is the cousin of Bahlenhorst's wife, Pam Bahlenhorst.) At that time, Mr. Bahlenhorst had opened several profitable health clubs.

3.2. Vrdolyak asked Bahlenhorst to teach Vrdolyak how to own and operate health clubs. At that time, Vrdolyak had no experience whatsoever in the industry.

3.3. Bahlenhorst proposed the following arrangement with Defendant: Bahlenhorst would teach Vrdolyak how to set up and operate health clubs. In exchange, he would offer Mr. Bahlenhorst the right to purchase a 10% interest in every health club in which Defendant owned an interest, for a period of no less than 40 years. Defendant agreed.

3.4. In addition, the parties agreed that neither would open any health club within 10 miles of any club owned by the other.

COMPLAINT- 2

3.5. Bahlenhorst performed his obligations under the Agreement. The two men formed a health club called Cardinal Fitness in Naperville, Illinois. They own the club as equal unit holders in an LLC formed for the purpose of owning the club.

3.6. Once the Naperville club was up and running, and Bahlenhorst had shown Vrdolyak how to set up a successful club, Vrdolyak began opening other clubs. Each of these clubs is operated through a separate LLC.

3.7. True to the Agreement, Vrdolyak offered Bahlenhorst the right to purchase interests in all of the clubs that he opened for several years following the Agreement. Bahlenhorst accepted each of these offers and owned or owns no less than a 10% interest in these clubs. These include:

    a.    Cardinal Fitness in Channahon;

    b.    Cardinal Fitness in Wheaton;

    c.    Cardinal Fitness at Madison Avenue;

    d.    Cardinal Fitness in Glendale Heights;

    e.    Cardinal Fitness in Frankfort;

    f.    Cardinal Fitness in Crystal Lake;

    g.    Cardinal Fitness in Woodstock;

    h.    Cardinal Fitness in Darien;

    i.    Cardinal Fitness in Schereville;

    j.    Cardinal Fitness in Valparaiso, Indiana;

    k.    Cardinal Fitness in Crest Hill;

    l.    Cardinal Fitness in Urbana;

    m.    Cardinal Fitness in Cary;

    n.    Cardinal Fitness in Homer Glen;

    o.    Cardinal Fitness of West Chicago;

    p.    Cardinal Fitness of Champaign;

COMPLAINT- 3

1  q. Cardinal Fitness of Sycamore;

2  r. Cardinal Fitness of Palos Heights;

3  s. Cardinal Fitness of Olympia Fields; and

4  t. Cardinal Fitness of Mokena.

5  3.8. Defendant has opened dozens of other clubs since opening the clubs described above. With respect to some of these clubs, Defendant issued Bahlenhorst a K-1 tax statement, indicating that Defendant intended to honor the Agreement with respect to those clubs. However, for each of the following clubs, no K-1 was sent for the last tax year and Defendant is refusing to acknowledge or otherwise grant Bahlenhorst his promised 10% interest:

10  a. Cardinal Fitness at Beverly;

11  b. Cardinal Fitness at Garfield Ridge;

12  c. Cardinal Fitness at Chicago North Logan Square;

13  d. Cardinal Fitness at Peterson Park;

14  e. Cardinal Fitness at Lemont;

15  f. Cardinal Fitness at Lockport;

16  g. Cardinal Fitness at Oak Lawn;

17  h. Cardinal Fitness at Orland Park;

18  i. Cardinal Fitness at Peoria;

19  j. Cardinal Fitness at Rockford;

20  k. Cardinal Fitness at Round Lake Beach;

21  l. Cardinal Fitness at Schaumburg;

22  m. Cardinal Fitness at Springfield;

23  n. Cardinal Fitness at Hobart;

24  o. Cardinal Fitness at North Hobart;

25  p. Cardinal Fitness at South Bend, Indiana;

COMPLAINT- 4

NOLD & ASSOCIATES, PLLC
Bellevue Place, Suite 930
10500 NE 8TH ST.
BELLEVUE, WASHINGTON 98004
(425) 289-5555  FAX (425) 289-6666

1        q.    Cardinal Fitness at Huber Heights, Ohio;

2        r.    Cardinal Fitness at Kettering;

3        s.    Cardinal Fitness at Kettering (Centerville); and

4        t.    Cardinal Fitness at Kenosha, Wisconsin.

3.9. There may be additional clubs in which Bahlenhorst is owed the right to obtain a 10% interest in the clubs.

3.10. Bahlenhorst has been denied access to records that would determine if there are additional clubs in which Bahlenhorst is owed a right to obtain an interest, or whether he has been fairly compensated for his 10% interest in the clubs enumerated in paragraph 3.7 above.

3.11. Bahlenhorst has a right to an interest in these clubs. He has an immediate right to possess his interest in each of them. Defendant, individually and through various entities, is wrongfully controlling this property. Bahlenhorst has made demand for an interest in each of these clubs, as well as any other clubs Defendant has opened or will open.

3.12. In October 2005, Bahlenhorst formed an LLC in the state of Washington called "Cardinal Fitness at Sleepy Hollow, LLC." This club opened for business in early 2006. It is located at 1049 W. Main Street, Sleepy Hollow, Illinois.

3.13. In or about August 2006, Vrdolyak formed Cardinal Fitness of Crystal Lake, LLC. In January 2007, Vrdolyak opened a health club of that name. The club is located at 435 Angela Lane, Crystal Lake, Illinois.

3.14. Cardinal Fitness of Crystal Lake is located less than 10 miles from Cardinal Fitness of Sleepy Hollow.

3.15. Bahlenhorst is the majority owner of the entity that owns a majority interest in Cardinal Fitness of Sleepy Hollow. He owned or owns a 10% interest in Cardinal Fitness of Crystal Lake.

3.16. Through the actions of Vrdolyak or others at his control, Cardinal Fitness of Sleepy Hollow has suffered hundreds of cancellations of memberships in the last six months. Most of these

COMPLAINT- 5

NOLD & ASSOCIATES, PLLC
Bellevue Place, Suite 930
10500 NE 8TH ST.
BELLEVUE, WASHINGTON 98004
(425) 289-5555  FAX (425) 289-6666

cancellations are resulting in corresponding memberships at Cardinal Fitness of Crystal Lake.

3.17. As the manager of Cardinal Fitness of Crystal Lake, Vrdolyak owes fiduciary duties of loyalty and honesty to Bahlenhorst, a minority owner of the LLC. Vrdolyak also owes fiduciary duties to Bahlenhorst with respect to several other clubs in which Bahlenhorst is a minority interest holder and Vrdolyak a manager.

3.18. Vrdolyak has engaged in behavior that is unduly oppressive and wrongful with respect to Bahlenhorst by competing with Bahlenhorst's club. This is also a breach to the obligations that Vrdolyak owes to the LLC itself.

3.19. Vrdolyak opened Cardinal Fitness of Crystal Lake with knowledge that it was wrongfully competing with Cardinal Fitness of Sleepy Hollow.

## IV. FIRST CAUSE OF ACTION: BREACH OF CONTRACT

4.1. Plaintiff hereby realleges paragraphs 1.1-3.14.

4.2. The above actions constitute a breach of contract. These actions have damaged Bahlenhorst in an amount to be determined at trial, but in an amount well in excess of $100,000.

4.3. These actions also entitle Bahlenhorst to equitable relief, including but not limited to an accounting of the profits of each of the clubs set forth herein. These actions also entitle Bahlenhorst to an accounting of the profits of each of the clubs set forth herein, as well as any other clubs which Defendant has (through any entity) set up or in which he owns an interest.

4.4. These actions also entitle Bahlenhorst to an order decreeing that Vrdolyak is precluded from opening any club within 10 miles of any club in which Bahlenhorst owns an interest. These actions also entitle Bahlenhorst to an order decreeing that he is entitled to an interest in all of the clubs which Defendant has set up (through any entity) or will set up until no earlier than October 2042.

## V. SECOND CAUSE OF ACTION: BREACH OF FIDUCIARY DUTY

5.1. Plaintiff hereby realleges paragraphs 1.1-4.4.

5.2. The actions set forth above constitute the tort of breach of fiduciary duty.

COMPLAINT- 6

NOLD & ASSOCIATES, PLLC
Bellevue Place, Suite 930
10500 NE 8TH ST.
BELLEVUE, WASHINGTON 98004
(425) 289-5555 FAX (425) 289-6666

5.3. This entitles Plaintiff to his actual damages, in an amount to be proven at trial, and punitive damages in an amount deemed appropriate by the trier of fact.

5.4. This breach also entitles Bahlenhorst to equitable remedies, including but not limited to: disgorgement of all fees and other remunerations paid to Vrdolyak during the tenure of his malfeasance; the imposition of a constructive trust on Cardinal Fitness of Crystal Lake so that its profits are allocated to Bahlenhorst in the same proportion as profits of Cardinal Fitness of Sleepy Hollow; the forced divesture by Vrdolyak of his interest in the wrongfully competing club; and the dissolution of Cardinal Fitness of Crystal Lake and its sale to Bahlenhorst, an entity controlled by him, or a third party.

## VI. THIRD CAUSE OF ACTION: CONVERSION

6.1. Plaintiff hereby realleges paragraphs 1.1-5.4.

6.2. The actions set forth above constitute the tort of conversion. To the extent that these torts are perpetuated by the individual entities owning the clubs, they are imputable to Defendant as a manager and/or member of those entities.

6.3. This entitles Plaintiff to his actual damages, in an amount to be proven at trial, and punitive damages in an amount deemed appropriate by the trier of fact.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A. For judgment against Defendant in an amount to be determined at trial, including punitive damages, in an amount no less than $200,000;

B. For a full accounting of Defendants' finances to determine the full scope of the breach;

C. For an order decreeing that Vrdolyak may not open any club within 10 miles of any club in which Bahlenhorst has an interest and decreeing Plaintiff's right to obtain a 10% interest in every club Defendant has opened or will open until no earlier than October 2042;

COMPLAINT- 7

NOLD & ASSOCIATES, PLLC
Bellevue Place, Suite 930
10500 NE 8TH ST.
BELLEVUE, WASHINGTON 98004
(425) 289-5555  FAX (425) 289-6666

1     D.     For the equitable relief deemed appropriate by the Court, including but not limited to the relief enumerated in Section 5.4 above;

    E.     For attorneys' fees and costs pursuant to statute, agreement, or common law;

    F.     For leave to amend this complaint as necessary;

    G.     For a jury to determine all appropriate factual questions on legal issues; and

    H.     For such further legal and equitable relief as the court deems appropriate.

Dated this 24th day of September, 2008.

    NOLD & ASSOCIATES, PLLC

By_____
David A. Nold, Washington SBA #19009
Attorneys for Plaintiff

COMPLAINT- 8

NOLD & ASSOCIATES, PLLC
Bellevue Place, Suite 930
10500 NE 8TH ST.
BELLEVUE, WASHINGTON 98004
(425) 289-5555 FAX (425) 289-6666