IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN BAHLENHORST, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 08 C 5474 |
| v. | ) |
| | ) Hon. George W. Lindberg |
| PETER VRDOLYAK, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM OPINION AND ORDER

Before the Court is defendant's motion to dismiss for failure to join indispensable parties pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(7) and 19(b). For the reasons set forth more fully below, the motion is granted and the complaint is dismissed without prejudice. This is not an adjudication on the merits. SEE FED.R.CIV.P. 41(b). Plaintiff can file a new, properly tailored complaint in federal court, or pursue his claims in state court.

## I. *Relevant Facts*

Plaintiff John Bahlenhorst ("Bahlenhorst"), a citizen of Washington, filed a three count complaint against defendant Peter Vrdolyak, III ("Vrdolyak"), a citizen of Illinois. Bahlenhorst asserts state law claims against Vrdolyak for breach of contract, breach of fiduciary duty, and conversion. Bahlenhorst invokes this Court's jurisdiction pursuant to 28 U.S.C. § 1332 because the two parties are diverse and the amount in controversy exceeds $75,000, exclusive of costs and interest.

For purposes of a motion to dismiss for failure to join a party under Rule 19, the Court accepts the allegations in the complaint as true. *Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 479 n.2 (7th Cir. 2001). This case stems from the alleged breach of an agreement between

Bahlenhorst and Vrdolyak regarding ownership interests in various health clubs located throughout the Midwest. These health clubs are organized as limited liability companies ("L.L.C.") and most are organized as Illinois L.L.Cs. According to the complaint, Bahlenhorst and Vrdolyak entered into an agreement in 2002 wherein Bahlenhorst agreed to teach Vrdolyak how to set up and operate health clubs in exchange for the right to purchase a ten percent ownership interest in every health club Vrdolyak opened for no less than forty years (the "2002 agreement"). The parties also agreed that neither person would open a health club within ten miles of any health club owned by the other person (the "ten mile" rule).

After the 2002 agreement, Vrdolyak opened dozens of Cardinal Fitness health clubs as L.L.Cs. in Illinois, Indiana, Wisconsin and Ohio. Bahlenhorst claims that, true to their agreement, for several years Vrdolyak offered him the right to purchase an interest in each of the Cardinal Fitness health clubs and Bahlenhorst accepted all of those offers. For simplicity purposes, the Court will refer to the health clubs in which Bahlenhorst has an ownership interest as "owned clubs." However, at some point, allegedly in violation of the 2002 agreement, Vrdolyak stopped offering Bahlenhorst the option to purchase an ownership interest in newly opened Cardinal Fitness health clubs. The Court will refer to those health clubs as "non-owned clubs."

Bahlenhorst also claims Vrdolyak violated the "ten mile" rule in January 2007 by opening the Cardinal Fitness Crystal Lake, L.L.C. health club in Crystal Lake, Illinois ("Crystal Lake" club), an "owned club." Vrdolyak opened the Crystal Lake club within ten miles of an existing health club, Cardinal Fitness at Sleepy Hollow, L.L.C. in Sleepy Hollow, Illinois ("Sleepy Hollow" club). Bahlenhorst is a majority owner of the Sleepy Hollow club, which opened in

2

early 2006. Bahlenhorst claims that after the Crystal Lake club opened, hundreds of members of the Sleepy Hollow club cancelled their memberships and joined the Crystal Lake club.

As a remedy for Vrdolyak's alleged breach of contract, breach of fiduciary duty and conversion, Bahlenhorst seeks access to records for any health clubs in which Vrdolyak has an ownership interest to determine if Bahlenhorst is entitled to an interest in those clubs under the 2002 agreement. Bahlenhorst also seeks an immediate right to possess any interest in a club that he is entitled to under the 2002 agreement. As for the Crystal Lake club, Bahlenhorst requests that the Court impose a constructive trust on the club and order its profits allocated to him in the same proportion as the profits of the Sleepy Hollow club are allocated. Bahlenhorst also seeks a forced divestiture of Vrdolyak's interst in the Crystal Lake club, dissolution of the club and sale of it to Bahlenhorst, an entity controlled by him, or a third party.

## *II. Legal Analysis*

Vrdolyak moves to dismiss the complaint pursuant to Rule 12(b)(7) because Bahlenhorst failed to join one or more parties under Rule 19. "The purpose of [Rule] 19 is to permit joinder of all materially interested parties to a single lawsuit so as to protect interested parties and avoid waste of judicial resources." *Moore v. Ashland Oil, Inc.*, 901 F.2d 1445, 1447 (7th Cir. 1990). However, as is the case here, "federal courts are reluctant to dismiss for failure to join when doing so deprives the plaintiff of his choice of federal forum." *Davis,* 268 F.3d at 481. Nevertheless, if the Court determines that "there is no way to structure a judgment in the absence of the party that will protect both the party's own rights and the rights of the existing litigants, the unavailable party is regarded as 'indispensable' and the action is subject to dismissal . . . under [Rule] 12(b)(7)." *Id*.

3

Rule 19(b) provides, in relevant part, that:

> If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. FED.R.CIV.P. 19(b).

In making that determination, the Court considers: (1) the extent to which a judgment rendered in the person's absence might prejudice that person or existing parties; (2) the extent to which any prejudice could be lessened or avoided; (3) whether a judgment rendered in the person's absence would be adequate; and (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder. FED.R.CIV.P 19(b)(1)-(4). Both parties submitted affidavits in support of their positions. "In ruling on a dismissal for lack of joinder of an indispensable party, the court may go outside the pleadings and look at extrinsic evidence." *Davis*, 268 F.3d at 480 n.4. However, any conflicts in the affidavits must be resolved in plaintiff's favor. *Id*. at 483.

Vrdolyak argues that: (1) the Crystal Lake club; (2) the members that club; (3) each of the health clubs in which Bahlenhorst claims an ownership interest; and (4) all of the members of those health clubs that are structured as L.L.Cs. are indispensable parties and must be joined, even though their joinder would destroy federal diversity jurisdiction. According to Vrdolyak, these four categories of parties must be joined because: (1) they are directly affected and potentially damaged by the instant litigation; (2) they cannot protect their respective interests in the relevant health clubs without joinder; (3) Vrdolyak could be subject to multiple liabilities by the relevant health clubs and/or their members absent joinder; and (4) Bahlenhorst could not obtain the complete relief he seeks in the complaint if the Sleepy Hollow club, the Crystal Lake club and the other health clubs he claims an interest in are not joined. Bahlenhorst disagrees and

contends that he and Vrdolyak are the only two necessary and indispensable parties in this case.

*A. Claims involving the Crystal Lake and Sleepy Hollow Clubs*

First, the Court turns to Bahlenhorst's claims involving the Crystal Lake and Sleepy Hollow clubs because the Court's analysis of those claims is dispositive of the motion. According to the complaint, in October 2005, Bahlenhorst formed the Sleepy Hollow club as an L.L.C. in Washington. Bahlenhorst and three other people, including Jason Markowicz, are listed as managing members of the Sleepy Hollow club on its Limited Liability Company License Renewal and Annual Report, filed with the State of Washington. Jason Markowicz is a citizen of Illinois. The Sleepy Hollow club opened in Illinois in early 2006. Thereafter, in August 2006, Vrdolyak formed the Crystal Lake club, in which Bahlenhorst owns an interest and is a minority member. The Crystal Lake club is located within ten miles of the Sleepy Hollow club, allegedly in violation of the "ten mile" rule. According to Bahlenhorst, as a result of Vrdolyak's decision to open the Crystal Lake club, "Sleepy Hollow has suffered hundreds of cancellations of memberships in the last six months." Those cancellations resulted in corresponding new memberships at the Crystal Lake club. Bahlenhorst further claims that as a manager of the Crystal Lake club, Vrdolyak owes fiduciary duties to other members of the club, including Bahlenhorst, and the club itself.

For diversity purposes, an L.L.C. is a citizen of every state in which its members are citizens. *Wise v. Wachovia Sec., L.L.C.*, 450 F.3d 265, 267 (7th Cir. 2006). Vrdolyak is a citizen of Illinois and a member of the Crystal Lake club. Jason Markowicz is also a citizen of Illinois and a member of the Sleepy Hollow club. Bahlenhorst is a citizen of Washington and a member both the Crystal Lake and Sleepy Hollow clubs. Accordingly, for diversity purposes, the Crystal

5

Lake and Sleepy Hollow clubs are citizens of both Illinois and Washington. If the Court finds either club to be an indispensable or necessary party, joinder of one or both of the clubs would destroy the Court's diversity jurisdiction.

Rule 17(a) requires that "an action must be prosecuted in the name of the real party in interest." FED.R.CIV.P. 17(a). When considering whether a L.L.C. is a real party in interest, the Court must look to the law of the state where the court is located – Illinois. FED.R.CIV.P. 17(b)(3). The Court's analysis is governed by the catch-all subsection (3) of Rule 17(b) because a L.L.C. is not an individual, or a corporation. *See Wise*, 450 F.3d at 267 (distinguishing a L.L.C. from a corporation). Under Illinois law, if a corporate shareholder or member of a L.L.C. seeks to recover damages for an injury to the corporation or L.L.C., that suit must be brought derivatively on behalf of the business. *Elmhurst Consulting L.L.C. v. Gibson*, 219 F.R.D. 125, 127 (N.D.Ill. 2003)(citing *Small v. Sussman*, 306 Ill. App. 3d 639 (1999)). As stated above, Bahlenhorst claims that Sleepy Hollow suffered hundreds of cancelled memberships and lost revenue and profits. Because Bahlenhorst is alleging injuries directly to Sleepy Hollow, this claim should have been brought as a derivative suit on behalf of Sleepy Hollow and not as a direct suit by Bahlenhorst.

Bahlenhorst's claim that Vrdolyak breached his fiduciary duty to the Crystal Lake club and its members, including Bahlenhorst, is also derivative in nature because Vrdolyak's duties as the manager of the Crystal Lake club are to the club itself. *See Ching v. Porada*, 560 F. Supp. 2d 675, 678-79 (N.D. Ill. 2008). Therefore, the breach of fiduciary duty claim should have been brought as a derivative action on behalf of the Crystal Lake club and that club is a necessary and indispensable party in this case. *Id*.

In addition to being the true party in interest for the breach of fiduciary duty claim against Vrdolyak, the Crystal Lake club is also a necessary defendant under Rule 19(a). In the complaint, Bahlenhorst is seeking the imposition of a constructive trust and a forced divestiture of Vrdolyak's interst in the Crystal Lake club, dissolution of the club and sale of the club to Bahlenhorst, an entity controlled by him, or a third party. If this case were to proceed without the Crystal Lake club as a defendant, the club's ability to protect its interests would be severely impaired and it could expose Vrdolyak to the risk of multiple or inconsistent obligations to the Crystal Lake club and Bahlenhorst. Any judgment rendered without the Crystal Lake club as a party could prejudice the club. Further, Bahlenhorst can bring his claims against the Crystal Lake club in state court.

### *B. Remaining Claims*

The Court need not address whether the "owned" and "non-owned" clubs are indispensable parties because as stated above, the joinder of either the Sleepy Hollow club or the Crystal Lake club would destroy this Court's diversity jurisdiction and both of those clubs must be joined in order for Bahlenhorst to proceed with his complaint as written. If the Court were to make a finding regarding the necessity or indispensability of the "owned" and "non-owned" clubs, it would likely require additional documentation regarding the organizational and financial structures of those clubs.

### *III. Conclusion*

For the reasons set forth above, the motion to dismiss is granted. In light of the claims in the complaint, Cardinal Fitness Crystal Lake, L.L.C. and Cardinal Fitness at Sleepy Hollow, L.L.C. are required parties. Joinder of one or both of those parties would destroy this Court's

diversity jurisdiction. Therefore this case is dismissed.

ORDERED: Defendant's motion to dismiss for failure to join indispensable parties [11] is granted. This is not an adjudication on the merits. SEE FED.R.CIV.P. 41(b). Plaintiff can file a new, properly tailored complaint in federal court, or pursue his claims in state court.

E N T E R:

_____
George W. Lindberg
SENIOR U.S. DISTRICT JUDGE

DATED: January 9, 2009